## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEWART A. GRIMES,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1091**  (BOR Appeal No. 2047054)
(Claim No. 2011014598)

**CITY OF WHEELING,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Stewart A. Grimes, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Wheeling, by Aimee M. Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 24, 2012, in which the Board affirmed a February 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 27, 2011, decision denying Mr. Grimes's request to add C5-6 disc protrusion, cervical sprain/strain, and thoracic sprain/strain as compensable components in his claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Grimes was employed as a laborer by the City of Wheeling, and on October 19, 2009, he fell while picking up fallen tree branches and sustained an injury to his left shoulder. His claim was held compensable for contusion of the left shoulder region. On May 17, 2011, Peter Perzanowski, D.C., requested adding C5-6 disc protrusion, cervical sprain/strain, and thoracic strain/sprain as compensable components in his claim. The claims administrator denied Mr. Grimes's request as not being causally related to the compensable injury.

1

The Office of Judges held that Mr. Grimes's disc protrusion is a naturally occurring degenerative condition unrelated to the compensable injury and that there is no reliable evidence that he suffered a thoracic sprain/strain or a cervical sprain/strain as a result of his compensable injury. Mr. Grimes disagrees and asserts that the medical evidence establishes that his C5-6 disc protrusion, cervical sprain/strain and thoracic sprain/strain are related to the compensable injury and that there is no medical opinion, that finds that the conditions arise out of any other condition, and therefore, any conflict should be resolved in his favor. The City of Wheeling maintains that a preponderance of the evidence demonstrates that Mr. Grimes did not develop the requested conditions as a result of his October 19, 2009, compensable injury.

The Office of Judges found that a preponderance of the evidence did not support adding disc protrusion, cervical sprain/strain, and thoracic sprain/strain as compensable components. The Office of Judges determined that the only doctor to have diagnosed these conditions was Dr. Perzanowski, who did so seven months after the date of injury. Sushil Sethi, M.D., performed an independent medical examination and opined that Mr. Grimes had reached maximum medical improvement with a 2% whole person impairment for his left shoulder. Dr. Sethi reported Mr. Grimes had unrelated degenerative disease of the cervical spine, thumb, both shoulders, and both knees. Ira Ungar, M.D., performed an independent medical examination and found that the medical records did not support the diagnosis of cervical strain/sprain or thoracic sprain/strain. He found that Mr. Grimes did not make any complaints in the cervical or thoracic areas at the time of injury.

The Office of Judges noted that there were no findings on the MRI to suggest Mr. Grimes's pain was caused by cervical radiculopathy and the EMG showed no cervical radiculopathy. The findings from the MRI were degenerative in nature. The Office of Judges found that John Michalski, M.D., noted that Mr. Grimes should consider further treatment of the cervical spine through his regular insurance, and implied that in his opinion it was non-occupational degenerative conditions. The Office of Judges held that Mr. Grimes's disc protrusion was a naturally occurring degenerative condition unrelated to the compensable injury and that there was no reliable evidence that Mr. Grimes ever suffered thoracic sprain/strain or cervical sprain/strain as a result of his compensable injury. The Board of Review reached the same reasoned conclusions in its decision of August 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II